# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>TAYDOR YOAYAT,<br><br>            Defendant. | 8:14CR392<br><br>MEMORANDUM AND ORDER |

This matter is before the court for initial review of correspondence from the Defendant Taydor Yoayat, construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") and filed at ECF No. 91. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the Defendant's § 2255 Motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

On September 28, 2015, the Defendant entered a plea of guilty to Count I (Robbery) and III (Possession of a Stolen Firearm) of the Second Superseding Indictment. He was sentenced on February 17, 2016, to concurrent terms of 72 months on each count, and concurrent terms of three years of supervised release on each count. Judgment was entered on the same day. He did not file an appeal.

The Defendant's undated correspondence to the Court, construed as a § 2255 Motion, was postmarked on May 29, 2018, and filed on May 31, 2018. In the

correspondence, the Defendant states "I understand my time has expired to file a 2255." ECF No. 91, Page ID 174. Nonetheless, he asks the Court to assist him in obtaining post-conviction relief, and makes reference to *Sessions v. Dimaya*, 138 S. Ct. 1204 (2017) (holding that the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was impermissibly vague in violation of due process).

## DISCUSSION

The Court finds the Defendant's correspondence, construed as a § 2255 Motion to be untimely and without merit. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

If the Defendant suggests the Supreme Court's decision in *Dimaya* provides him an opportunity for relief through 28 U.S.C. § 2255(f)(3), he is mistaken. The Defendant

2

had no criminal history points at the time of his sentencing, and there is no conceivable construction or extension of *Dimaya* that could provide the Defendant with any grounds for relief under § 2255.

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's correspondence construed as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF 91;

2. The claims raised in the Defendant's § 2255 motion are summarily denied;

3. A separate Judgment will be entered; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 19th day of June, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge